# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. _____

ANNETTE BARNES,

        Plaintiff,

  v.

EAN SERVICES, LLC,

        Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, Defendant EAN Services, LLC ("EAN Services") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, EAN Services states as follows:

1. On May 17, 2021, Plaintiff Annette Barnes, individually and on behalf of all others similarly situated, filed a complaint and commenced a civil action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Barnes v. EAN Services, LLC*, case no. 2021-011665-CA-01 (the "State Court Action"). Plaintiff's complaint relates to her claim that EAN Services' use of session replay software on its website violates the Florida Security of Communications Act, Florida Statutes section 934.01. (Compl. ¶ 1.)

2. Plaintiff served EAN Services on May 26, 2021.

3. True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit A**. No other pleadings or motions have been filed in the State Court Action.

4. The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. section 1332 as this is a purported class action in which the complaint alleges the putative class includes "no less than 100 individuals" (Compl. ¶ 22), the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs (*Id.* ¶¶ 28, 39; *see also* **Exhibit B,** Declaration of Kenneth C. Kreh, ¶ 2), and this is a class action in which the plaintiff is a citizen of a State different from the defendant (Compl. ¶¶ 5-6). Removal is proper under 28 U.S.C. section 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. section 1332(d)(2).

5. EAN Services files this notice of removal within thirty days of service of the complaint on EAN Services. 28 U.S.C. § 1446(b)(3).

## Diversity Jurisdiction

6. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. section 1332, because (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

7. First, this case is a purported class action. The proposed class is composed of "All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." (Compl. ¶ 20.)

8. Second, the proposed class exceeds 100 individuals. (*Id.* ¶ 22 (alleging that the class is "no less than 100 individuals"); *see also* **Ex. B** ¶ 2.)

9. Third, the plaintiff is a citizen of a different State than the defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff Annette Barnes is a citizen of Miami-Dade County, Florida. (Compl. ¶ 7.) Defendant EAN Services is a Delaware limited liability company with its primary place of business in St. Louis, Missouri. *See* 28 U.S.C. § 1332(d)(10) (stating that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Additionally, the sole member of EAN Services is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri. EAN Services is therefore a citizen of Delaware and Missouri.

10. Fourth, the amount in controversy in this putative class action, as alleged in plaintiff's complaint, exceeds $5,000,000. Although the complaint does not specify the amount of damages plaintiff and the class seek in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff alleges that "the aggregate damages sustained by the Class are potentially in the millions of dollars." (Compl. ¶ 28.) In addition, Plaintiff seeks "statutory damages of $100 a day for each day of violation or $1000, whichever is higher," for each member of the proposed class. (*Id.* ¶ 39.) EAN Services' records show that during the past two-year period, there have been more than 5,000 visits to its website from IP addresses in Florida. (**Ex. B** ¶ 2). The amount in controversy therefore exceeds $5,000,000, exclusive of interests and costs.

## Other Requirements for Removal

11. The United States District Court for the Southern District of Florida embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. section 1446(a). Miami-Dade County lies in the Miami Division of this Court.

12. Pursuant to 28 U.S.C. section 1446(d), a copy of this notice is being served on counsel for plaintiff and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

13. This notice is signed pursuant to Federal Rules of Civil Procedure Rule 11.

14. A copy of the civil cover sheet is attached hereto.

This 25th day of June, 2021                    Respectfully submitted,

                                                    /s/ J. Douglas Baldridge
J. Douglas Baldridge
Florida Bar No. 0708070
Theodore B. Randles
Florida Bar No. 115790
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Email: jbaldridge@venable.com
Email: tbrandles@venable.com

*Attorneys for Defendant*
*EAN Services, LLC*

## Certificate of Service

I hereby certify that a copy of the foregoing notice of removal will be served this day on counsel for Plaintiff Annette Barnes by U.S. Mail and e-mail at the addresses below.

Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915

Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: 954-400-4713

                                      /s/ J. Douglas Baldridge
                                      J. Douglas Baldridge